UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOE FUENTES,

    Plaintiff,

        v.                                         CAUSE NO. 3:24-CV-324-JD-JEM

WARDEN, et al.,

    Defendants.

OPINION AND ORDER

Joe Fuentes, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fuentes alleges that, while he was incarcerated at the Miami Correctional Facility, he received treatment by an outside physician for bleeding in his right eye. ECF 1. Documents included with the complaint show that this occurred on September 7, 2021. ECF 1-1 at 4-7. He received an injection to stop the bleeding, and the physician wanted to see him again in four weeks. Fuentes did not follow up with the physician

until April 22, 2022. At that appointment, the doctor indicated that he had scarring because he did not follow up when directed.

Fuentes is suing the Miami Correctional Facility Warden, Miami Correctional Facility Medical Providers, and Miami Correctional Facility Transportation Department. However, he does not allege that the warden was personally involved in the decisions that were made regarding his medical care. As for the medical providers and transportation department, he has not sued any particular individual who was allegedly responsible for the delay in medical care that caused his injury. Public officials "are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

On April 15, 2024, Fuentes placed his complaint in the prison mailbox. Indiana's two-year statute of limitations applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). This claim would have accrued at least by April 22, 2022, when Fuentes learned that he had scarring that could have been prevented if he had attended a timely follow-up appointment, as recommended. Fuentes' complaint is timely, but it does not state a claim, and any attempt to add new defendants now would be untimely, unless the allegations against them would relate back to the original complaint. Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is

2

chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). There does not appear to be any basis to find the relation-back doctrine would apply against any new defendants Fuentes could add. Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009).

This complaint does not state a claim for which relief can be granted. If Fuentes believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If Fuentes files an amended complaint, it should name the individual (or individuals) personally responsible for delaying his medical care as defendants. Any amended complaint should also explain what, if anything, prevented Fuentes from bringing this lawsuit against the individual(s) personally responsible within two years of the when his claim accrued and why he believes his allegations should relate back to the original complaint. If Fuentes cannot address the concerns raised in this order, it would be futile for him to file an amended complaint.

If Fuentes decides to file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above

3

the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Joe Fuentes until **July 2, 2024**, to file an amended complaint; and

(2) CAUTIONS Joe Fuentes that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 3, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT