UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOE FUENTES,

    Plaintiff,

        v.                             CAUSE NO. 3:24-CV-324-JD-JEM

WARDEN, et al.,

    Defendants.

OPINION AND ORDER

Joe Fuentes, a prisoner without a lawyer, filed an amended complaint. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fuentes alleges essentially the same facts in his amended complains that he alleged in his earlier complaint. While he was incarcerated at the Miami Correctional Facility, he received treatment by an outside physician for bleeding in his right eye. ECF 5. Documents included with the amended complaint show that this occurred on September 7, 2021. ECF 5-1 at 5-7. He received an injection to stop the bleeding, and the physician wanted to see him again in four weeks. On November 7, 2021, Fuentes sent a

health care request asking about the follow up appointment. *Id.* at 1. The response indicates an email was sent to the scheduling department. He filed another health care request asking about the follow up appointment on March 11, 2022. *Id.* at 2. In response, a nurse indicated that he was scheduled for August, but she would try to get him in earlier. Fuentes saw the physician for the follow up appointment on April 22, 2022. At that appointment, the doctor indicated that Fuentes had scarring because he did not follow up when directed.

In Fuentes' original complaint, he named the Miami Correctional Facility Warden, Miami Correctional Facility Medical Providers, and Miami Correctional Facility Transportation Department as defendants. However, he could not proceed against the warden because he was not personally involved in the decisions that were made regarding Fuentes' medical care. Fuentes could not proceed against the medical providers and transportation department because Fuentes had not sued any particular individual who was allegedly responsible for the delay in medical care that caused his injury.

The court noted in its screening order that Fuentes did not place his complaint in the prison mailbox until April 15, 2024, and Indiana's two-year statute of limitations applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). This claim would have accrued at least by April 22, 2022, when Fuentes learned that he had scarring that

could have been prevented if he had attended a timely follow-up appointment, as recommended. Fuentes' original complaint was timely, but it did not state a claim. The court also noted that any attempt to add new defendants would be untimely, unless the allegations against them would relate back to the original complaint. Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). The court further noted that there did not appear to be any basis to find the relation-back doctrine would apply against any new defendants Fuentes could add. The court noted that, although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009).

Fuentes was invited to file an amended complaint if he believed he could state a claim based on (and consistent with) the events described in this complaint, but he was cautioned that, if he named any new defendants, he should explain what, if anything, prevented him from bringing this lawsuit against the individual(s) personally responsible within two years of when his claim accrued and why he believes his allegations should relate back to the original complaint. The court explained that, if Fuentes couldn't address the concerns raised in the screening order, it would be futile for him to file an amended complaint.

3

Fuentes' amended complaint names three Jane or Jane Doe defendants. Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To state a claim for the denial of this right, a prisoner must allege: (1) he had an objectively seriously medical need; and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The deliberate indifference standard imposes a "high hurdle," requiring a showing "approaching a total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas*, 2 F.4th at 722. Fuentes alleges that he should have been taken to a follow up appointment in a timely manner, he was not, and he was harmed by the delay. These allegations, standing alone, are insufficient to infer any specific individual acted with deliberate indifference to his medical needs. Failing to get Fuentes to a follow up appointment in a timely manner may be negligent, but it does not amount to deliberate indifference.

Furthermore, Fuentes still has not named specific individuals. The problem is not only that he does not know the names of the individuals he wants to sue; he has not described any specific individual who can be identified; he has merely sued three

4

unknown individuals employed by Centurion Health without describing what role they played in preventing him from receiving timely care that could have prevented his injury. "There's nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names. This is done all the time." *Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022) (citations omitted). That said, "a plaintiff who uses placeholders must take account of the clock: substitution must be completed before the statute of limitations expires." *Id*.

Fuentes initiated this lawsuit just seven days before the statute of limitations would have expired. This court's order screening his original complaint was entered on June 4, 2024. ECF 2. He did not file his amended complaint until July 19, 2024. ECF 5. By that time, the statute of limitations had expired.[1] Fuentes was warned that, if he amended his complaint, he needed to address the court's concerns regarding the statute of limitations in his amended complaint. He did not.

Finally, Fuentes has sued Centurion Medical. A private company performing a public function can be held liable if its own policies caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Rice*, 675 F.3d at 675. The purpose of the official policy requirement is to "distinguish

---

[1] The court acknowledges that the statute of limitations was tolled during the period of delay caused by the need to screen the complaint. *See Paulk v. Dep't of the Air Force*, 830 F.2d 79, 83 (7th Cir.1987) (explaining that screening tolls statute of limitations); *Stewart v. Special Adm'r of Est. of Mesrobian*, 559 F. App'x 543, 547 (7th Cir. 2014) ("The amended complaint had to pass screening before any defendant could be served with process … and the delay attributable to screening was outside of Stewart's control and constituted good cause to extend the time for notice[.]"). Here, even when the time between the original complaint being placed in the prison mailbox and the court's screening of that complaint is excluded, the filing of the amended complaint was not timely.

5

between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Fuentes has not alleged facts from which it can be plausibly inferred that Centurion Health had any policy that caused his injury. Therefore, he may not proceed against Centurion Health.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Fuentes waited until the statute of limitations was nearly expired and filed a complaint that did not state a claim. The concerns regarding the timeliness of any amended complaint were brought to Fuentes' attention, and he was granted an opportunity to amend but cautioned he must address the court's concerns regarding statute of limitations. He amended, but the amended complaint neither states a claim nor addresses the statute of limitations concerns raised by the court. Therefore, it would be futile to allow Fuentes another opportunity to amend his complaint.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on February 13, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT